# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR A. CANFIELD,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ATLAS STORAGE SOUTH BAY, LLC, and DOES 1 through 50,<br><br>　　　　　　　Defendants. | CASE NO. 12-CV-1574 - IEG (WVG)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO STRIKE; AND**<br>[Doc. No. 5]<br><br>**(2) DENYING DEFENDANT'S MOTION TO DISMISS.**<br>[Doc. No. 6] |

　　　　Currently before the Court are Defendant's motions to strike and to dismiss Plaintiff's request for punitive damages. [Doc. No. 5, 6.] For the reasons stated below, the Court **DENIES** both motions.

## BACKGROUND

　　　　Plaintiff Taylor Canfield is on active duty with the United States Navy. See Compl. ¶ 9. Defendant Atlas Storage South Bay, LLC, operates storage facilities in San Diego, California. Id. ¶ 10. On May 2, 2010, Plaintiff entered into a contract to lease a storage unit from Defendant and received a military discount, explaining that he was on active military duty and would soon be deployed overseas. Id. ¶¶ 11-13, 26. Plaintiff also gave Defendant a valid credit card for rent, and a valid email address, explaining that email would be his only means of contact while deployed. Id. ¶¶ 17-18. On March 23, 2011, Plaintiff was deployed to Afghanistan. Id. ¶ 16. On June 2,

2011, his credit card was declined. Id. ¶ 19. On August 23, 2011, without contacting Plaintiff, Defendant foreclosed on Plaintiff's storage unit and auctioned his property without a court order. Id. ¶¶ 20, 35. After returning from deployment on November 1, 2011, Plaintiff attempted to retrieve his property. Id. ¶ 21. At that time, Defendant told him about the foreclosure, refused to help him in tracking his belongings, and attempted to prevent him from leaving the facility until he had signed a liability-release document. Id.

On June 26, 2012, Plaintiff filed a complaint alleging violation of the SCRA § 537[1] and conversion of property. Id. ¶¶ 23-32, 33-43. On August 6, 2012, Defendant filed two motions to strike and to dismiss Plaintiff's request for punitive damages, under Rule 12(f) and Rule 12(b)(6), respectively. [Doc. No. 5, 6.] On August 21, 2012, Plaintiff filed oppositions to both. [Doc. No. 7, 8.] On August 28, 2012, Defendant filed the replies. [Doc. No. 10, 11.]

## DISCUSSION

Defendant filed motions to strike and to dismiss Plaintiff's request for punitive damages. For the reasons stated below, Defendant's motions are **DENIED**. [Doc. No. 5, 6.]

**1. Defendant's motion to strike is procedurally unsound.**

Under Rule 12(f), a court may only "strike . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "[r]ule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, Inc. V. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010); Taheny v. Wells Fargo Bank, N.A., 2011 WL 1466944, at *4 (E.D. Cal. 2011). And though "[w]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." Consumer Solutions REO, LLC v. Hillery, 658 F.Supp.2d 1002, 1021 (N.D. Cal. 2009). Here, Defendant simultaneously filed a nearly identical motion under Rule 12(b)(6), and thus conversion

---

[1] Under the Servicemembers Civil Relief Act (SCRA) § 537(a)(1), "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement."

of Defendant's improper motion to strike would only further the redundancy of Defendant's duplicate motions. See id.. Defendant's motion to strike is therefore **DENIED**.

### 2. Defendant's 12(b)(6) motion.

Defendant argues that Plaintiff's request for punitive damages fails to plead with the specificity applied by California courts under Section 3294 of the California Civil Code. [Doc. No. 6, p 4-5.] Defendant's reliance on California pleading standards is misplaced. "[W]hile Section 3294 governs Plaintiff's *substantive* claim for punitive damages, the Federal Rules of Civil Procedure govern the punitive damages claim *procedurally* with respect to the adequacy of pleadings." See, e.g., Watkinson v. MortgageIT, Inc., 2010 WL 2196083, at *10 (S.D. Cal. 2010); Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406-7 (C.D. Cal. 2005); Jackson v. East Bay Hosp., 980 F.Supp. 1341, 1353 (N.D. Cal. 1997).

Under the federal rules, pleadings need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Section 3294 provides for recovery of punitive damages where a plaintiff establishes that a defendant acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294. "Malice" is "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Id. Thus, to avoid a Rule 12(b)(6) dismissal, Plaintiff's complaint needs only plead enough facts to plausibly show Defendant's conscious disregard of the rights of Plaintiff.[2] See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937 (2009).

Here, the complaint meets these standards. Plaintiff alleges that Defendant, despite knowledge of Plaintiff's military status and imminent deployment, foreclosed the lien on Plaintiff's property without a court order while he was deployed. See Compl. ¶¶ 12-13, 15, 17, 20, 26. Plaintiff further alleges that Defendant never attempted to contact Plaintiff when his credit

---

[2] In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). But even under this standard, "[m]alice, intent, knowledge, and other conditions of a person's mind may be averred generally." Id.

1  card was declined.  Id. ¶¶ 17-19.  Moreover, after Plaintiff returned from his deployment,

2  Defendant refused to help Plaintiff track his belongings and attempted to prevent him from leaving

3  the facility without signing a liability-release document.  Id. ¶¶ 21, 37.  These allegations, taken as

4  true and viewed in favor of Plaintiff, allow the Court to draw a reasonable inference that

5  Defendant consciously disregarded Plaintiff's rights, and that is all that is required to allege

6  punitive damages.  Defendant's motion to dismiss is therefore **DENIED**.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motions to strike and to dismiss.

**IT IS SO ORDERED.**

**DATED:** September 13, 2012

*[signature]*
**IRMA E. GONZALEZ**
**United States District Judge**